UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE CO.,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD W. GIROUX, et al.,<br><br>Defendants. | CASE NO. C15-5954 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE |

This matter comes before the Court on Plaintiff Allstate Property and Casualty Insurance Co.'s ("Allstate") motion for summary judgment (Dkt. 16). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion without prejudice for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On December 31, 2015, Allstate filed a declaratory judgment action against Defendants Andy Rhee, Kevin Rhee, and Richard Giroux ("Giroux"). Dkt. 1 ("Comp."). Allstate seeks an order that it does not have a duty to defend or indemnify Andy Rhee and Kevin Rhee (collectively, "the Rhees") and their spouses in the lawsuit filed against

ORDER - 1

them by Giroux. *Id.* ¶ 14.  On March 15, 2016, the Rhees filed an answer and asserted counterclaims against Allstate.  Dkt. 7.  The Rhees allege Allstate breached its duty to investigate and duty of good faith and fair dealing.  *Id.* ¶ 25.

On May 20, 2016, Allstate moved for summary judgment.  Dkt. 16.  On June 13, 2016, the Rhees responded.  Dkt. 18.  On June 16, 2016, Allstate replied.  Dkt. 20.

## II. FACTUAL BACKGROUND

**A.     Underlying Suit**

On December 7, 2015, Giroux filed a personal injury complaint against the Rhees and their spouses in Pierce County Superior Court.  Dkt. 17, Declaration of Douglas Foley ("Foley Dec."), Ex. 1.  The following allegations are taken from Giroux's complaint.

Giroux was teaching a golf lesson at the Meadow Park Golf Course in Pierce County on June 7, 2015.  *Id.* ¶ 2.01.  During the lesson, one of Giroux's students inadvertently picked up one of the Rhees' golf balls and gave it to Giroux.  *Id.* ¶ 2.02.  Giroux realized that the student had picked up the Rhees' golf ball as the Rhees approached in a golf cart.  *Id.* ¶ 2.03.

According to Giroux's complaint, the Rhees "exited the golf cart, repeatedly swore at the group, and aggressively approached [Giroux] and [the] golf students."  *Id.* ¶ 2.05.  Giroux claims Kevin Rhee approached him and "started to flick the brim of the [Giroux's] hat with his finger, exclaiming 'what are you going to do about it?'"  *Id.* ¶ 2.06.

ORDER - 2

Giroux further asserts that Andy Rhee "then used both hands to forcefully, and intentionally, push [Giroux], causing [him] to fall backwards onto the ground." *Id.* ¶ 2.07. Giroux alleges he sustained injuries to his right arm and shoulder. *Id.* ¶ 2.08. While Giroux was on the ground, the Rhees "stood over him, nudging [Giroux] with their feet and saying, 'get up.'" *Id.* ¶ 2.09.

Giroux brings claims for assault and battery, outrage, negligent infliction of emotional distress, and negligence. *Id.* ¶¶ 3.1–6.3. According to the Rhees' briefing, Allstate agreed to defend them under a reservation of rights. Dkt. 18 at 10.

**B.      Allstate Policies**

Andy Rhee and Kevin Rhee each have homeowners' insurance policies with Allstate. Foley Dec., Exs. 2 & 3. Their Allstate policies are the same policy form, and therefore contain the same coverage, terms, definitions, and exclusions. *See id.*

The Allstate policies provide family liability coverage for "damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy." Foley Dec., Ex. 2 at 50. "If an insured person is sued for these damages, [Allstate] will provide a defense with counsel of [its] choice, even if the allegations are groundless, false or fraudulent." *Id.*

The policies define "bodily injury" as "physical harm to the body, including sickness or disease, and resulting death." *Id.* at 24. An "occurrence," in turn, is defined as "an accident, including continuous or repeated exposure to substantially the same

general harmful conditions during the policy period, resulting in bodily injury or property damage." *Id.* at 26.

Relevant to the instant motion, the policies contain an "intentional or criminal acts" exclusion to family liability coverage:

> We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This exclusion applies even if:
> a) such insured person lacks the mental capacity to govern his or her conduct;
> b) such bodily injury or property damage is of a different kind or degree than intended or reasonably expected; or
> c) such bodily injury or property damage is sustained by a different person than intended or reasonably expected.

*Id.* at 52.

Finally, the policies include a joint obligations clause:

> This policy imposes joint obligations on the Named Insured(s) listed on the Policy Declarations as the insured and on that person's resident spouse. These persons are defined as you or your. This means that the responsibilities, acts and omissions of a person defined as you or your will be binding upon any other person defined as you or your.
> This policy imposes joint obligations on persons defined as an insured person. This means that the responsibilities, acts and failure to act of a person defined as an insured person will be binding upon another person defined as an insured person.

*Id.* at 26–27.

## III. DISCUSSION

Allstate moves for summary judgment on its duty to defend and duty to indemnify. Dkt. 16.

ORDER - 4

A.  **Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The

nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

B.  **Insurance Policy Interpretation**

In Washington, the interpretation of insurance policies is a question of law. *Am. Star Ins. Co. v. Grice*, 121 Wn.2d 869, 874 (1993), *opinion supplemented by* 123 Wn.2d 131 (1994). Washington courts construe insurance policies as a whole, giving force and effect to each clause in the policy. *Id.* If the policy language is clear and unambiguous, the Court will not modify the policy or create an ambiguity. *Id.* If the policy language is fairly susceptible to two different reasonable interpretations, it is ambiguous, and the Court may attempt to discern the parties' intent by examining extrinsic evidence. *Id.* If the policy remains ambiguous after resort to extrinsic evidence, the Court construes the ambiguities against the insurer. *Id.* at 874–75.

C.  **Allstate's Motion**

Allstate argues it does not have a duty to defend or indemnify the Rhees in the underlying suit because Giroux's complaint is not covered by the Allstate policies. Dkt. 16.

Under Washington law, the duty to defend is broader than the duty to indemnify. *Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 52 (2007). "The duty to defend arises based on the insured's *potential* for liability and whether allegations in the complaint

*could conceivably* impose liability on the insured." *Id.* at 60.  An insurer defending a suit under a reservation of rights "must defend until it is clear that the claim is not covered." *Am. Best Food, Inc. v. Alea London, Ltd.*, 168 Wn.2d 398, 405 (2010).  "Moreover, an ambiguous complaint must be construed liberally in favor of triggering the duty to defend." *Woo*, 161 Wn.2d at 60.  Meanwhile, the duty to indemnify depends on "the insured's actual liability to the claimant and actual coverage under the policy." *Hayden v. Mut. of Enumclaw Ins. Co.*, 141 Wn.2d 55, 64 (2000).

To determine whether the duty to defend exists, the Court first "examines the policy's insuring provisions to see if the complaint's allegations are conceivably covered." *Id.*  If the complaint's allegations are conceivably covered, the Court "must then determine whether an exclusion clearly and unambiguously applies to bar coverage." *Id.*  Exclusionary clauses are strictly construed against the insurer.  *Expedia, Inc. v. Steadfast Ins. Co.*, 180 Wn.2d 793, 803 (2014).  The insurer bears the burden of proving that an exclusionary clause applies.  *Am. Star Ins. Co. v. Grice*, 121 Wn.2d 869, 875 (1993).

In the underlying suit, Giroux alleges he "was the victim of an unprovoked assault and battery perpetrated by Defendants Andy and Kevin Rhee" that involved flicking his hat, pushing him to the ground, and kicking him while on the ground.  Foley Dec., Ex. 1 ¶ 3.2.  Giroux further claims the Rhees "intentionally and recklessly inflicted emotional distress" upon him.  *Id.* ¶ 4.3.  Finally, Giroux alleges the Rhees "had an independent duty to use reasonable care to avoid causing [him] emotional distress" and "failed to use reasonable care to avoid causing [his] damages."  *Id.* ¶¶ 5.2, 6.2.

ORDER - 7

Allstate contends it does not have a duty to defend the Rhees because all of Giroux's claims stem from deliberate acts, which do not constitute an "occurrence" under the coverage provisions of the Allstate policies. Dkt. 16 at 10–12. For the same reason, Allstate argues the intentional and criminal acts exclusion precludes coverage as well. *Id.* at 13.

The Allstate policies provide family liability coverage for an "occurrence," which is defined as "an accident . . . resulting in bodily injury or property damage." Foley Dec., Ex. 2 at 50. The policies do not define the term "accident." When undefined in an insurance policy, Washington courts have "referenced two similar definitions of the term 'accident' in insurance coverage cases: (1) an unusual, unexpected, and unforeseen happening; and (2) a loss that happens without design, intent, or obvious motivation." *United Servs. Auto. Ass'n v. Speed*, 179 Wn. App. 184, 197 (2014) (internal quotation marks and citations omitted). In light of these definitions, "Washington courts repeatedly have held that the insured's deliberate conduct generally does not constitute an accident." *Id.*

The policies also contain an intention or criminal acts exclusion, which precludes coverage for "any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person." Foley Dec., Ex. 2 at 52. This exclusion applies even if the "bodily injury or property damage is of a different kind or degree than intended or reasonably expected." *Id.* Based on the plain language of these provisions, the Allstate policies

ORDER - 8

preclude coverage for deliberate acts or omissions that result in bodily injury or property damage.

At this time, the Court cannot conclude that the underlying complaint is clearly not covered by the Allstate policies. Although Giroux's complaint contains allegations of intentional conduct, Giroux also alleges the Rhees negligently caused him emotional distress and failed to use reasonable care to avoid causing him damages. The inclusion of these allegations creates ambiguity on the face of Giroux's complaint, which the Court must construe liberally in favor of triggering a duty to defend. *See Woo*, 161 Wn.2d at 64 ("The insured must be given the benefit of the doubt if is not clear *from the face of the complaint* that the policy does not provide coverage.").

To the extent Allstate argues Giroux has not pled sufficient facts to support his negligence claims, *see* Dkt. 16 at 14, this argument should be raised in the underlying state court suit, which is still ongoing. This Court is without jurisdiction to dismiss the underlying negligence claims for failure to provide sufficient factual allegations. In the event Giroux's negligence claims are dismissed in the underlying suit, Allstate may renew its motion for summary judgment in this Court.

With regard to Allstate's duty to indemnify, the Rhees' actual liability in the underlying suit has not yet been determined. It is therefore premature for the Court to decide whether Allstate has a duty to indemnify. *See Hayden*, 141 Wn.2d at 64 ("The duty to indemnify hinges on the insured's actual liability to the claimant and actual coverage under the policy."). For these reasons, the Court denies Allstate's motion.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

### IV. ORDER

Therefore, it is hereby **ORDERED** that Allstate's motion for summary judgment (Dkt. 16) is **DENIED without prejudice**.

Dated this 7th day of July, 2016.

_____
BENJAMIN H. SETTLE
United States District Judge