UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD W. GIROUX, et al.,<br><br>Defendants. | CASE NO. C15-5954BHS<br><br>ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS WITHOUT PREJUDICE |

This matter comes before the Court on Defendants Andy Rhee, Kevin Rhee, Lisa H. Rhee, and So Y. Rhee's ("Rhees") motion for attorney's fees and costs (Dkt. 25). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion without prejudice for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On December 31, 2015, Plaintiff Allstate Property and Casualty Insurance Co. ("Allstate") filed a declaratory judgment action against the Rhees Defendants and Richard Giroux ("Giroux"). Dkt. 1. Allstate seeks an order that it does not have a duty

ORDER - 1

to defend or indemnify the Rhees in the lawsuit filed against them by Giroux. *Id.* ¶ 14. On March 15, 2016, the Rhees filed an answer and asserted counterclaims against Allstate. Dkt. 7. The Rhees allege Allstate breached its duty to investigate and duty of good faith and fair dealing. *Id.* ¶ 25.

On May 20, 2016, Allstate moved for summary judgment on the duty to defend and indemnify. Dkt. 16. On July 7, 2016, the Court denied the motion concluding that, on the duty to defend, Allstate had failed to show that the claims in the underlying complaint were not "conceivably covered" and that any consideration of the duty to indemnify was premature. Dkt. 22

On November 7, 2016, Allstate filed a notice stating that this action was now moot because the claims in the underlying case had been settled. Dkt. 23. On November 9, 2016, the Rhees responded that the case is not moot because their counterclaims are still pending. Dkt. 24.

On November 23, 2016, the Rhees filed a motion for attorney's fees and costs. Dkt. 25. On December 5, 2016, Allstate responded. Dkt. 27. On December 8, 2016, the Rhees replied. Dkt. 28.

## II. DISCUSSION

The Rhees request an order awarding "attorney's fees and costs from Allstate for the expense incurred in answering Allstate's complaint for declaratory relief and responding to a motion for summary judgment." Dkt. 25 at 2. Allstate counters that the Rhees are entitled to fees and costs only if they prevail on the issue of coverage or if they establish that they are the substantially prevailing party. Dkt. 27 at 3. Based on the lack

of authorities directly addressing this issue and the barebones briefing provided by the parties, the Court concludes that Allstate has presented the better argument at this time. "*Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991) . . . held that an insurer is required to pay attorney fees for the declaratory judgment action if the court finds that there is coverage. The payment is required after the judicial determination is made and fees under *Olympic* are awarded only if the insured prevails." *Alaska Nat. Ins. Co. v. Bryan*, 125 Wn. App. 24, 36 (2004).

In this case, the issue of coverage has not been determined and neither party has yet prevailed. First, based on an almost identical case in this district, settlement of the underlying suit does not moot the declaratory judgment action. *See Century Sur. Co. v. Belmont Seattle, LLC*, C12-823 MJP (W.D. Wash.). In April 2014, Judge Pechman denied a similar motion for attorney's fees and costs when the underlying suit had been settled and both the claims and counterclaims were pending. *Century Sur. Co. v. Belmont Seattle, LLC*, C12-823 MJP, 2014 WL 1386540, (W.D. Wash. Apr. 9, 2014). The matter proceeded to cross-motions for summary judgment, and Judge Pechman ruled against the insured on the issue of coverage. *Century Sur. Co. v. Belmont Seattle, LLC*, C12-823 MJP, 2014 WL 6608550 (W.D. Wash. Nov. 19, 2014). That order is currently on appeal and is set for oral argument in April 2017. *See Century Sur. Co. v. Belmont Seattle, LLC*, C 14-36002 (9th Cir. Dec. 19, 2016). According to the briefs, the issues on appeal include whether an underlying settlement moots a declaratory judgment action and whether the insured is entitled to fees and costs under *Olympic*. While binding law on the

1  instant disputes may issue within a few months, the Court concludes that, at this time, the

2  Rhees have failed to show that coverage has been resolved in their favor.

3        Second, even if the Rhees prevail on the coverage issue, the Court concludes that

4  an award of fees will depend upon which party, if any, will be deemed the prevailing

5  party. *See*, *e.g.*, *Nw. Mut. Life Ins. Co. v. Koch*, C08-5394BHS, 2010 WL 519727, at *4

6  (W.D. Wash. Feb. 10, 2010), *aff'd*, 424 Fed. Appx. 621 (9th Cir. 2011).  Because some

7  claims are outstanding, the Court is unable to assess whether either party prevailed.

8  Therefore, the Rhees' motion is premature.

9  **III. ORDER**

10        Therefore, it is hereby **ORDERED** that Rhees's motion for attorney's fees and

11  costs (Dkt. 25) is **DENIED without prejudice.**

12        Dated this 19th day of January, 2017.

13

14                                            BENJAMIN H. SETTLE

15                                            United States District Judge

16

17

18

19

20

21

22